UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | 1:18-cv-01336-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND VIOLATION OF RULE 18, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.　BACKGROUND**

Cedric Lynn Struggs ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 27, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 1.)

**II.　SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants: C. Pfeiffer (Warden), O. Goss (Chief Deputy Warden), Captain J. Hanzak, Lieutenant (Lt.) Sandoval, Lt. C. Waddle, Sergeant (Sgt.) J. Anderson, Sgt. R. Chanelo, Officer J. Hightower, R. Santillan (SnE Officer), C. Gonzales (Appeals Coordinator), R. Jaramillo (CCI), Suarez (CCI), E. Chesley (ISU), R. Hernandez (ISU), Doe #1 (ISU), Sgt. Lozono (ISU), S. Lone (ISU), and M. Voong (Chief Office of Appeals) (collectively "Defendants").

A summary of Plaintiff's allegations follows.

**August 30, 2017 Cell Search, Rules Violation Reports, and Hearing**

Plaintiff shared a cell with inmate Yearwood at KVSP. On August 30, 2017, defendant Hightower and Officer Lopez [not a defendant] conducted a search of the inmates' cell and

subjected them to unclothed body searches. A medical report was generated by the MTA and afterward defendant Sgt. Anderson asked the inmates who had drugs. Both inmates denied it and they were allowed to return to their cell.

On November 20, 2017, Plaintiff was called out of his cell for an interview about the "RVR you received regarding controlled substance." Compl. at 16. Plaintiff said he did not receive an RVR, and the interview ended.

On November 22, 2017, defendant Santillan came to the inmates' cell with RVRs for both of them, began to read the RVRs, and then asked the inmates if they wanted to request postponement, witnesses, an investigation, and staff assistance. Both inmates said yes, signed and dated the applicable forms, and were told to give a list of witnesses to their investigative employee (IE).

On November 30, 2017, defendant Santillan returned to the cell and told the inmates there was a mix-up with the first RVR and she was there to give them a second RVR, which she slid under the door. Plaintiff objected because Santillan did not allow them to sign a new form for the new RVR requesting postponement, witnesses, an investigation, and staff assistance. Defendant Santillan said she would use the first form they had signed and told them to talk to her supervisor if they had questions. Plaintiff filed form 22 Requests and 602 Appeals for clarification about the two RVRs that had been issued and the improper procedures, but did not receive satisfactory answers.

On December 8, 2017, Plaintiff spoke to defendant Chanelo, who was defendant Santillan's supervisor, and Chanelo said that yes, she had told Santillan to issue the second RVR. Plaintiff told Chanelo that the proper procedures were not being followed. Chanelo told Plaintiff he could file a 602 Appeal if he disagreed with the hearing officer's decision at the RVR hearing. Plaintiff again submitted form 22 Requests and 602 Appeals, which were not answered to Plaintiff's satisfaction.

On February 5, 2018, defendant Senior Hearing Officer Lt. Waddle held a hearing on Plaintiff's RVR (115 hearing). Plaintiff complained that he was not given advance notice and was not ready for the hearing. Lt. Waddle read the charges and Plaintiff pleaded "not guilty."

Compl. at 18.  Plaintiff then argued with Lt. Waddle and was escorted out of the office by Sgt. Brown for being disruptive and disrespectful.  Plaintiff again submitted form 22 Requests and 602 Appeals, which were not answered to Plaintiff's satisfaction.

**May 15, 2018 & July 14, 2018 Cell Searches -- Typewriter Springs**

On May 15, 2018, Plaintiff and inmate Wells were pulled out of their cells for a cell search by defendants Chesley, Hernandez, and Doe #1 (ISU).  When the inmates returned they found three springs and could not figure out why the springs were left in the cell.  The next day Plaintiff realized that the three springs came out of his typewriter.  Plaintiff submitted 22 form Requests and 602 Appeals in an effort to resolve the issue.

On July 14, 2018, Plaintiff was again pulled out of his cell.  He was strip-searched in the dayroom, and his cell was searched.  When Plaintiff returned he looked for his typewriter and noticed that the bag of springs that were attached to Plaintiff's 602 Appeal had been removed.  Plaintiff sent form 22 Requests and a 602 Appeal.

**July 5, 2018 Cell Search**

On July 5, 2018, Plaintiff and inmate Wells were pulled out for a cell search by defendants Lozono and Lone.  When the inmates returned defendant Lozono told Plaintiff he was there to discuss the 602 Appeal that Plaintiff had filed.  Plaintiff asked Lozono why he had searched the cell if he was there for a 602 hearing, and Lozono said "because I can."  Compl. at 19.  Plaintiff responded to Lozono that the cell search was retaliation because Plaintiff had filed a 602 Appeal against Lozono's staff.  Lozono said, "Do what you have to do, but I am denying your 602."  Id.

**Relief Requested**

Plaintiff requests monetary damages and injunctive relief.

IV. **PLAINTIFF'S CLAIMS**

A. **42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B.  Unrelated Claims -- Rule 18 Violation

Plaintiff alleges multiple claims in the Complaint that are unrelated under Rule 18 of the Federal Rules of Civil Procedure. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-

claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In this case, Plaintiff's Complaint alleges three claims that are unrelated under Rule 18 of the Federal Rules of Civil Procedure:

      (1) the August 30, 2017 Cell Search, Rules Violation Reports, and Hearing;

      (2) the May 15, 2018 & July 14, 2018 Cell Searches -- Typewriter Springs; and

      (3) the July 5, 2018 Cell Search.

Plaintiff will not be permitted to pursue unrelated claims in this action. Therefore, the Complaint shall be dismissed for violation of Rule 18, with leave to amend. In amending, Plaintiff must ***choose only one*** of the three incidents listed above to pursue in this case and re-allege those claims only.

### C. <u>Personal Participation - Supervisory Liability</u>

In the Complaint, Plaintiff alleges that all of the Defendants are responsible for their employees and staff. Compl. at 15-16. To the extent that Plaintiff believed that each of the Defendants is liable for the acts of their employees and staff, Plaintiff is incorrect.

Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual

actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Accordingly, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. **Official and Individual Capacity**

Plaintiff brings this action against Defendants in their official and individual capacities. Plaintiff may not bring a suit for damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991). Therefore, Plaintiff fails to state a claim for damages against Defendants in their official capacities, but he is not barred by the Eleventh Amendment from seeking injunctive or declaratory relief against Defendants in

their official capacities, or from seeking money damages from Defendants in their individual capacities.

### E. Due Process -- RVR Hearing

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Here, Plaintiff alleges that his rights to due process were violated before and during his RVR hearing. Plaintiff alleges that proper procedures were not followed when defendant Santillan would not allow him to sign a new form for the new RVR requesting postponement, witnesses, an investigation, and staff assistance. Plaintiff also alleges that he was not given advance notice of the RVR hearing and therefore was not ready for the hearing when it took place.

While Plaintiff has rights to due process before he is deprived of a protected liberty or and property interest, here Plaintiff fails to show that he was deprived of a protected interest for which due process was due. Plaintiff brings no allegations that he was retained in administrative segregation, suffered a loss of time credits, or otherwise disciplined as a result of the process followed when the second RVR was issued, or when the RVR hearing was held.[1]

---

[1] Plaintiff requests as relief in the Complaint "expunge[ment of] the disciplinary convictions described in this complaint from the Plaintiff's institutional record," but there are no allegations in the Complaint that Plaintiff was convicted of rules violations or otherwise disciplined. Compl. at 26-27.

Therefore, Plaintiff fails to state a due process claim for issuance of the second RVR or for disciplinary action against him following the RVR hearing.

### F. Appeals Process

Some of Plaintiff's allegations pertain to the review and handling of Plaintiff's inmate requests, grievances, and appeals. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George, 507 F.3d at 609-10; Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996); Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Therefore, Plaintiff's allegations pertaining to Defendants' failure to properly process his inmate requests and appeals fail to state a cognizable claim.

///

///

## G. Loss of Personal Property -- Due Process

Plaintiff alleges that Defendants confiscated three springs from his typewriter when his cell was searched.

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, a plaintiff has no due process claim based on Defendants' unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

Therefore, Plaintiff fails to state a claim for Defendants' confiscation of the springs from his typewriter or other personal property.

## H. Equal Protection -- Discrimination

Plaintiff alleges that he was subject to discrimination by Defendants.

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,"' (citing see Thornton v. City of St.

Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff claims that he was discriminated against by Defendants. However, Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.

Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

## I. **Retaliation**

Plaintiff claims he was retaliated against for exercising his right to submit inmate requests and file inmate grievances and appeals.

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).

> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

Here, Plaintiff alleges that Defendants retaliated against him because he filed prison grievances or engaged in other protected conduct, when they failed to correct a documentary violation, removed springs from his typewriter, and searched his cell. While Plaintiff has shown that Defendants took adverse actions against him, he has not shown any connection between the adverse actions and his participation in the prison grievance process or other conduct protected by the First Amendment. Plaintiff has not alleged *facts* demonstrating that Defendants acted against him *because* he filed grievances. Plaintiff has not established a causal connection between his protected conduct and the claimed adverse actions. The mere statement that Defendants "retaliated" against him or acted "in retaliation" is not sufficient to state a claim. Therefore, Plaintiff fails to state a claim for retaliation against any of the Defendants.

### J. CDCR or Prison Rules, State Regulations, Other State Law Claims

Plaintiff alleges that Defendants violated CDCR rules, the California constitution, and other state laws.

Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must

be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, the court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's claims for violation of state law fail.

### K. Plaintiff's Exhibits

Plaintiff refers to several exhibits in the Complaint, but no exhibits were attached to the Complaint.

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence.

Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has any claims that are cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

### L. Request for Injunctive Relief

In addition to monetary damages, Plaintiff requests injunctive relief in the Complaint as follows:

(1) Issue an injunction ordering Defendant C. Gonzales (Appeals Coordinator) to respond to Plaintiff's 22 forms and to process two 602's that are pending in this case;

(2) Issue an injunction ordering Defendants or ISU to stop their retaliation;

///

(3) Expunge the disciplinary convictions described in this Complaint from the Plaintiff's institutional record;

(4) To demote, hold legal proceedings against J. Hightower, C. Waddle, C. Gonzales, (ISU) Lozono, R. Chanelo, Sandoval, J. Hanzak.

Compl. at 26.

Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A).

Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983. In addition, the court finds that Plaintiff's Complaint violates Rule 18 of the Federal Rules of Civil Procedure because it contains unrelated claims. Therefore, the court will dismiss the Complaint and grant Plaintiff leave to file a First Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

As discussed above, Plaintiff 's Complaint violates Rule 18(a) because it contains unrelated claims. Plaintiff may proceed with *only one* of his unrelated claims in the First

Amended Complaint. Plaintiff must select *only one of the three unrelated claims* found in the Complaint.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Iqbal, 556 U.S. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff should also note that he is not granted leave to add allegations of events occurring after the date he filed the original Complaint, September 27, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on September 27, 2018, is DISMISSED for failure to state a claim under § 1983 and for violation of Rule 18 of the Federal Rules of Civil Procedure, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

///

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01336-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 24, 2019** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE