UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>C. PFEIFFER, et al.,<br><br>　　　　　Defendants. | 1:18-cv-01336-GSA-PC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF RULE 8(a), WITH LEAVE TO AMEND (ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING 25 PAGES** |

**I.　　BACKGROUND**

　　　Cedric Lynn Struggs ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 27, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) Plaintiff has paid the $400.00 filing fee in full. (ECF No. 7.)

　　　On September 25, 2019, the court screened the Complaint and dismissed it for failure to state a claim and for violation of Rule 18 of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 16.) On November 15, 2019, Plaintiff filed the First Amended Complaint which is now before the court for screening. (ECF No. 20.) 28 U.S.C. § 1915A.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants: Correctional Officer (C/O) J. Hightower, Lieutenant C. Waddle, Sergeant (Sgt.) J. Anderson, Sgt. R. Chanelo, C. Gonzales (Appeals Coordinator), and R. Santillan (SnE Officer), (collectively "Defendants").

Plaintiff's First Amended Complaint is 42 pages long and violates Rule 8(a) of the Federal Rules of Civil Procedure.

**<u>Rule 8(a) of the Federal Rules of Civil Procedure</u>**

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Id.</u> The federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Rule 8 requires Plaintiff to set forth his claims in short and plain terms, simply, concisely and directly. <u>See</u> <u>Swierkiewicz</u>, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and each defendant) should be able to read and understand Plaintiff's pleading within minutes. <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

Plaintiff's First Amended Complaint fails to comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not clearly or succinctly allege facts against the named Defendants. The complaint itself begins with an introduction discussing what the First Amended Complaint will show. Next, Plaintiff sets forth lengthy allegations. Finally, Plaintiff addresses each of the Defendants in turn, with multiple requests for jury trial. Plaintiff also includes a prayer for relief for each of the Defendants.

Plaintiff's First Amended Complaint shall be dismissed for violation of Rule 8(a), with leave to file a Second Amended Complaint not exceeding 25 pages in length. The <u>total</u> number of pages, including the form complaint and any exhibits, must not exceed 25 pages. If typewritten, the body of the First Amended Complaint must be double-spaced. If handwritten,

the Complaint must be legible and written in reasonably-sized handwriting. Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims.

The Second Amended Complaint does not require an introduction or any discussion of the law. Plaintiff's allegations should include facts explaining what happened, when the events happened, and what each Defendant personally did to violate Plaintiff's rights. Although not required, the court recommends that Plaintiff state the facts in chronological order. Plaintiff should only include <u>one</u> request for jury trial and <u>one</u> prayer for relief, applicable to all of the Defendants and claims.

In the paragraphs that follow, the court provides the legal standards for the claims it appears Plaintiff wishes to bring. Plaintiff is advised to review the standards before deciding which claims to include in the Second Amended Complaint.

## IV. PLAINTIFF'S CLAIMS

### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>see also</u>

Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Personal Participation - Supervisory Liability

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Accordingly, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held

that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### C. Due Process -- RVR Hearing

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

### D. Appeals Process

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest

requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996); Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

### E. **Retaliation**

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged

retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

### F. CDCR or Prison Rules, State Regulations, Other State Law Claims

Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

### G. Exhibits

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

## V. CONCLUSION

The court finds that Plaintiff's First Amended Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. The court will dismiss the First Amended Complaint and grant Plaintiff leave to file a Second Amended Complaint not exceeding 25 pages. The total number of pages,

including the form complaint and any exhibits, must not exceed 25 pages. If typewritten, the body of the First Amended Complaint must be double-spaced. If handwritten, the Complaint must be legible and written in reasonably-sized handwriting. If Plaintiff fails to comport with these requirements, the Second Amended Complaint may be stricken from the record or dismissed for failure to comply with the court's order.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will grant Plaintiff leave to file an amended complaint not exceeding 25 pages. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added). Plaintiff should include only those facts needed to state his claims against each defendant. There is no need for legal citations or arguments.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff is also advised that he has not been granted leave to include allegations of events occurring after the initiation of this lawsuit on August 29, 2019.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed for violation of Rule 8(a), with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Second Amended Complaint not exceeding 25 pages, within **thirty (30) days** from the date of service of this order;
4. The total number of pages of the Second Amended Complaint, including the form complaint and any exhibits, must not exceed 25 pages. If typewritten, the body of the First Amended Complaint must be double-spaced. If handwritten, the Complaint must be legible and written in reasonably-sized handwriting;
5. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:18-cv-01136-GSA-PC; and
6. If Plaintiff fails to file a Second Amended Complaint in compliance with this order within thirty days, this case may be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: __**November 20, 2019**__  __**/s/ Gary S. Austin**__
UNITED STATES MAGISTRATE JUDGE