# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>C. PFEIFFER, et al.,<br><br>　　　　　Defendants. | 1:18-cv-01336-NONE-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY <u>HECK V. HUMPHRY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997).**<br><br>**(ECF No. 23.)**<br><br>**30-DAY DEADLINE** |

Cedric Lynn Struggs ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 27, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On September 25, 2019, the court screened the Complaint and dismissed it for failure to state a claim and violation of Rule 18 of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 16.) On November 15, 2019, Plaintiff filed the First Amended Complaint. (ECF No. 20.) On November 21, 2019, the court dismissed the First Amended Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 21.) On January 2, 2020, Plaintiff filed the Second Amended Complaint which is now before the court for screening. (ECF No. 23.) 28 U.S.C. § 1915A.

1

The court understands Plaintiff's allegations as follows:

In brief, Plaintiff alleges that a controlled substance was found in his cell, he was issued a Rules Violation Report (RVR), and his due process rights were violated at the RVR hearing because the reports were false, he was not allowed an Investigative Employee or staff assistant, he was not allowed to face his accusers, and he was unjustly kicked out of the hearing. Plaintiff was found guilty of the disciplinary violation. As relief in the Second Amended Complaint, Plaintiff requests monetary damages, dismissal of the RVR, and "grant Plaintiff's credits." (ECF No. 23 at 10.)

It is unclear whether Plaintiff forfeited good-time credits or was otherwise disciplined after being found guilty of the rules violation. Plaintiff has not clearly alleged in the Second Amended Complaint whether he was disciplined and if so, how he was disciplined. The fact that Plaintiff requests "grant Plaintiff credits" as relief in the Second Amended Complaint causes an inference that Plaintiff forfeited good-time credits as a result of the guilty finding.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

The Second Amended Complaint does not contain any allegations to show that Plaintiff's conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. It appears that Plaintiff's intent in filing this action is for habeas corpus relief.

**ORDER TO SHOW CAUSE**

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: **April 10, 2020**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE