UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>   Plaintiff,<br><br> vs.<br><br>C. PFEIFFER, et al.,<br><br>   Defendants. | 1:18-cv-01336-NONE-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 22.)** |

  On December 2, 2019, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff argues that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate, and he is receiving mental health care at the prison. These conditions are serious and make it more difficult for Plaintiff to litigate, but they do not make Plaintiff's case exceptional under Ninth Circuit law. At this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. On April 10, 2020, the Court issued an order for Plaintiff to show cause why this case should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 483 (1994), which may dispose of the case. Moreover, based on the record in this case, the Court finds that Plaintiff is able to adequately articulate his claims. Further, the legal issue in this case -- whether Plaintiff received due process before he was found guilty of a Rules Violation -- is not complex. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 6, 2020**        **/s/ Gary S. Austin**
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE