UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>             Plaintiff,<br><br>       vs.<br><br>C. PFEIFFER, et al.,<br><br>             Defendants. | 1:18-cv-01336-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997).**<br>**(ECF No. 23.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.     BACKGROUND**

Cedric Lynn Struggs ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 27, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On November 27, 2018, Plaintiff paid the $400.00 filing fee in full for this action. (Court Record.)

On September 25, 2019, the court screened the Complaint and dismissed it for failure to state a claim and violation of Rule 18(a) of the Federal Rules of Civil Procedure, with leave to

1

amend. (ECF No. 16.) On November 15, 2019, Plaintiff filed the First Amended Complaint. (ECF No. 20.) On November 21, 2019, the court dismissed the First Amended Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 21.) On January 2, 2020, Plaintiff filed the Second Amended Complaint. (ECF No. 23.) The court screened the Second Amended Complaint and issued an order on April 10, 2020, requiring Plaintiff to respond and show cause why the Second Amended Complaint should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). (ECF No. 25.)

On May 11, 2020, Plaintiff filed a response to the court's order. (ECF No. 27.)

## II.     PLAINTIFF'S ALLEGATIONS AND CLAIMS IN THE SECOND AMENDED COMPLAINT

In brief, Plaintiff alleges in the Second Amended Complaint that a controlled substance was found in his cell, he was issued a Rules Violation Report (RVR), and his due process rights were violated at the RVR hearing because the reports were false, he was not allowed an Investigative Employee or staff assistant, he was not allowed to face his accusers, and he was unjustly kicked out of the hearing. Plaintiff was found guilty of the disciplinary violation. As relief in the Second Amended Complaint Plaintiff requests monetary damages, dismissal of the RVR, and "grant Plaintiff's credits." (ECF No. 23 at 10.)

## III.    HECK V. HUMPHREY AND EDWARDS v. BALISOK

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been

so invalidated is not cognizable under § 1983." Id. at 488.  This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Balisok, 520 U.S. at 643–647.

### A. Plaintiff's Response to the Court's Order

Plaintiff submitted a full copy of the results of his disciplinary hearing.  (Exhibits to ECF No. 27.)  Plaintiff asserts that he filed appeals at the Kern County Superior Court and the Fifth District Court of Appeals and that these courts denied Plaintiff's Writ of Habeas Corpus.

### B. Discussion

According to Plaintiff's documentary evidence, Plaintiff's disciplinary hearing was held on February 15, 2018,  he was found guilty as charged based on a preponderance of evidence of a Division B offense, possession of a controlled substance in an institution.  (ECF No. 27 at 4, 8.)[1]  As a result of the conviction Plaintiff forfeited 150 days credits, loss of pay, canteen privileges, phone privileges, yard recreation privileges, day room privileges, packages privileges, and visiting privileges. (Id. at 9-10.)

Plaintiff submitted no evidence that an appeal was granted, that his conviction or sentence was reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254, or that his credits were restored.  Therefore, this court finds that Plaintiff's § 1983 case is barred by the favorable termination rule of Heck and Balisok and should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

## IV.   CONCLUSION AND RECOMMENDATIONS

The court has found that Plaintiff's Complaint fails to state a § 1983 claim upon which relief can be granted and that Plaintiff is barred by Heck and Balisok from pursuing his claims in this case under § 1983.  Therefore, Plaintiff's Complaint should be dismissed, without prejudice to filing a petition for writ of habeas corpus, which apparently he has already done so.

---

[1] All page numbers cited herein are those assigned by the court's CM/ECF system and not based on the parties' pagination of their briefing materials.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint be DISMISSED for failure to state a § 1983 claim, as barred by the favorable termination rule of <u>Heck</u> and <u>Balisok</u>, without prejudice to filing another petition for writ of habeas corpus; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 14, 2020**                              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE