UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>            Plaintiff,<br><br>     vs.<br><br>C. PFEIFFER, et al.,<br><br>            Defendants. | 1:18-cv-01336-NONE-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THIS CASE AS BARRED BY *HECK V. HUMPHREY*, 512 U.S. 477 (1994) AND *EDWARDS v. BALISOK*, 520 U.S. 641 (1997) AND DIRECTING THE CLERK TO CLOSE THIS CASE<br><br>(Doc. Nos. 23, 28.) |

   Plaintiff Cedric Lynn Struggs is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On May 14, 2020, findings and recommendations were entered, recommending that this case be dismissed as barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), without prejudice to plaintiff's filing a petition for writ of habeas corpus.  (Doc. No. 28.)  On June 2, 2020, plaintiff filed objections to the findings and recommendations.  (Doc. No. 29.)

   In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be

supported by the record and proper analysis. As explained in the findings and recommendations, plaintiff's claims, if successful, would call into question the validity of prison administrative decisions that resulted in the forfeiture of plaintiff's good time credits. (Doc. No. 25 at 2.) As a result, his claims are barred by the decision in *Heck* and *Balisok*. Plaintiff's objections, which largely reiterate the types of allegations contained in his operative complaint (Doc. No. 29 at 2–7), fail to provide any reason why the court should find otherwise. In his objections, plaintiff also summarizes his unsuccessful efforts to pursue a habeas relief in state court. (*Id*. at 1–2.) Plaintiff likely provides this information in response to the magistrate judge's suggestion that a federal habeas corpus petition is plaintiff's "sole federal remedy" with regard to the prison administrative decisions he challenges here. (*See* Doc. No. 28 at 2.) The fact that plaintiff filed a state habeas petition that was ultimately denied may be relevant if he ultimately files a federal habeas petition. However, his unsuccessful state habeas petition does not call into question the reasoning set forth or conclusion reached in the pending findings and recommendations that his claims must be dismissed under the Supreme Court's decisions in *Heck* and *Balisok*.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations issued on May 14, 2020 (Doc. No. 28), are adopted in full;
2. This action is dismissed as barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), without prejudice to filing a petition for writ of habeas corpus; and
3. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **July 1, 2020**

UNITED STATES DISTRICT JUDGE